# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                   CRIM CASE NO. 22-20392

v.                                             HON. SEAN F. COX

ROSE COOK,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Beginning in or around January 2009 and continuing through November 2019, Defendant Rose Cook defrauded the Social Security Administration (SSA) by intentionally concealing the true state of her living arrangements and household income, in order to obtain Supplemental Security Income (SSI) benefits that she would have otherwise been ineligible to receive. Cook's conduct resulted in a total loss to the government, and ultimately the taxpayers, in the amount of $74,872.58.

On January 9, 2023, Defendant Cook pleaded guilty to one count of misdemeanor Theft of Government Funds; she is now scheduled to appear for sentencing at 2:00 p.m. on June 9, 2023. After due consideration, the Government

1

recommends a sentence of three years' probation with conditions to include some period of home detention.

## I. Introduction

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Cook has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the Presentence Investigation Report (PSR) dated March 29, 2023.

## II. Calculation of Advisory Sentencing Guidelines

The Probation Department has calculated Defendant Cook's sentencing guideline range to be 6 to 12 months. (PSR ¶ 50.) This matches the Government's estimate; accordingly, the Government accepts the guidelines calculated by the Probation Department as correct.

## III. The Relevant § 3553 Factors

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

**(1) Nature and Circumstances of the Offense and History and Characteristics of Defendant**

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Cook comes before the Court at the age of 66, with a number of health problems of varying severity. She has no prior criminal history. These factors speak in favor of leniency and contributed to the Government's decision to recommend a probationary sentence.

Nevertheless, Cook finds herself before the Court because she lied to the government in order to collect Social Security benefits to which she was not entitled. Cook knew that she was required to honestly disclose the composition of her household and her household income and resources to the SSA. But month after month, year upon year, for over 10 years, Cook hid the fact that she and her husband lived together the majority of that time because she knew that his income would affect her eligibility for SSI benefits. Cook concealed this information from the SSA by failing to report it, and by outright lying to the SSA on multiple occasions. (*See* PSR ¶ 9.) Cook admittedly knew that what she was doing was wrong, but she lied and took the money anyway. This was not a momentary lapse in judgment, but rather a series of deliberate and conscious choices to steal from

the government on a monthly basis, for over a decade. This conduct should result in some kind of consequence beyond simply a misdemeanor conviction.

### (2) Seriousness of the Offense, Respect for the Law, and Just Punishment

The second factor requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The Government believes that the defendant's crime – concealing from and lying to the government about one's living arrangements and household income for over 10 years in order to maintain one's continued receipt of government benefits – is a serious one, which is why the defendant finds herself before the Court.

Ultimately, theft from the government is theft from the taxpayers that fund the government. Simply having to pay the money back would not be a "just punishment," but rather a concession that this defendant – for all practical purposes – is entitled to demand a long-term, interest-free loan from her fellow citizens, which will likely never be repaid in full.

That said, as contemplated by the guidelines here, a prison sentence might not be a necessary or appropriate consequence in every case. Nevertheless, some type of punishment is important, lest similarly situated individuals come to believe that it is acceptable to steal from the government. Here, the Government believes

4

that a misdemeanor conviction followed by a probationary sentence that includes a restrictive condition such as home detention could constitute a just punishment.

### (3) Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

The United States acknowledges that that given the defendant's lack of criminal history, any sentence imposed in this case might be sufficient to discourage *her* from engaging in additional criminal conduct.

However, the sentence imposed in this case should also serve to deter *others* who seek profit by stealing from the government. Thousands and thousands of people receive benefits from the SSA and its programs, making the agency an attractive target for fraud and malfeasance. Whatever sentence the Court imposes needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a message to other would-be thieves that there are significant consequences for defrauding the SSA.

This factor typically weighs in favor of a prison term, but taking a holistic view of the case, probation with a period of home detention is likely a more appropriate sentence.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

There is no indication that the defendant requires any educational or vocational training. With regard to the defendant's physical health, a sentence that takes into consideration the defendant's medical care is necessary here. Additionally, the Government agrees with the assessment of the Probation Department that the defendant may benefit from mental health treatment. The Government would therefore encourage the Court to adopt the special conditions suggested by the Probation Department in ¶ 72 of the PSR during any term of supervision.

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class A misdemeanor, and the Probation Department's calculation of the sentencing guidelines places her in Zone B of the

sentencing table. Under the applicable guideline provision, the "minimum term" of the defendant's advisory guideline range (here 6 months) may be satisfied by:

(1) a sentence of imprisonment; or

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or

(3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

U.S.S.G. § 5C1.1(c).

### (6) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $74,872.58 to the Social Security Administration. In addition to ordering

restitution, the Government would ask the Court to adopt the special conditions suggested by the Probation Department in ¶¶ 76-77 of the PSR.

## IV. Conclusion

Having considered the guideline range calculated by the Probation Department along with the factors set forth in 18 U.S.C. § 3553(a), the Government recommends a sentence of three years' probation, to include a term of home detention consistent with U.S.S.G. § 5C1.1(c)(3), and whatever other conditions the Court believes would result in a sentence sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

The Government further asks that the Court require the defendant to pay the mandatory $25.00 special assessment to the Clerk of the Court, and order her to pay restitution in the full amount of $74,872.58 to the Social Security Administration.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/Corinne M. Lambert*
CORINNE M. LAMBERT
Special Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Date: June 2, 2023

## **CERTIFICATE OF SERVICE**

 I hereby certify that on June 2, 2023, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

David M. Burgess
Burgess & Burgess, P.C.
1360 Porter Street, Suite 260
Dearborn, Michigan 48124
(313) 961-4382
david29_1999@yahoo.com

A copy was also provided to U.S. Probation Officer Julie M. Grewe via email.

*s/Corinne M. Lambert*
CORINNE M. LAMBERT
